UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE LEE WILLIAMSON,<br><br>Plaintiff,<br><br>v.<br><br>CSP SOLANO MAILROOM STAFF, et al.,<br><br>Defendants. | No. 2:13-cv-1978-WBS-EFB P<br><br>ORDER GRANTING IFP AND SCREENING COMPLAINT |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.     Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

1  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

2  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

3  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

4  relief."  *Id.* § 1915A(b).

5  A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

6  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

7  plain statement of the claim showing that the pleader is entitled to relief, in order to give the

8  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

9  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

10  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

11  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S.

12  Ct. 1937, 1949 (2009).

13  To avoid dismissal for failure to state a claim a complaint must contain more than "naked

14  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

15  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

16  a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*,

17  129 S. Ct. at 1949.

18  Furthermore, a claim upon which the court can grant relief must have facial plausibility.

19  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

20  content that allows the court to draw the reasonable inference that the defendant is liable for the

21  misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

22  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

23  *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

24  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

25  **III.    Screening Order**

26  The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and

27  concludes that it must be dismissed with leave to amend for failure to state a claim upon which

28  relief may be granted.  To proceed, plaintiff must file an amended complaint.

1     Plaintiff alleges the following:

2     Some one in CSP Solano mailroom has red flagged my mail. The person or
3     person's that has been blocking my legal mail from getting to the courts has been
      denying [me equal protection, due process, and access to the courts].
4

5    ECF No. 1. Plaintiff alleges that when he complained to prison officials about the problems with

6    this mail, they blamed the U.S. Postal Service. Plaintiff claims he then wrote a letter to the

7    Postmaster, but received no response. As defendants in this action, plaintiff names "CSP Solano

8    Mailroom Staff," Postmaster of the U.S. Postal Service, and Warden Gary Swarthout. Plaintiff

9    does not identify any particular individual as having interfered with his mail. Nor does he allege

10   how Swarthout was involved in any violation of his rights. In addition, plaintiff does not describe

11   the nature of the "legal mail" that was allegedly "blocked" – that is, whether it related to a direct

12   criminal appeal, a constitutional challenge to his conditions of confinement, or some other type of

13   proceeding in which plaintiff was attempting to have access to the courts. The complaint must

14   contain specific facts showing that a federally protected right was actually violated. For the

15   reasons explained in more detail below, including plaintiff's failure to name proper defendants,

16   the complaint is dismissed with leave to amend.

17          As an initial matter, the court notes that plaintiff cannot proceed under 42.U.S.C. § 1983

18   against the United States Post Office or the Postmaster General. In order to state a claim under

19   § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and

20   (2) that the violation was committed by a person acting under the color of *state law*. *See West v.*

21   *Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Here, the

22   Postmaster did not act under color of state law.

23          In addition, plaintiff may not sue Warden Swarthout solely because of his supervisorial

24   role. An individual defendant is not liable on a civil rights claim unless the facts establish the

25   defendant's personal involvement in the constitutional deprivation or a causal connection between

26   the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v.*

27   *Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

28   /////

That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Lastly, plaintiff's inclusion of "CSP Solano Mailroom Staff" as a defendant is tantamount to naming a Doe defendant. The use of Doe defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary. Rather, the Federal Rules of Civil Procedure, not state procedural rules and practice, govern how pleadings may be amended to add new parties. Should plaintiff learn the identities of parties he wishes to serve, he must promptly move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action. Additionally, unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

Insofar as plaintiff wishes to pursue claims based on the alleged interference with his legal mail, he must satisfy the following standards applicable to such claims.

Prisoners have a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, an isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003); *see also Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights); *Witherow*, 52 F.3d at 266 (9th Cir 1995) (First Amendment not violated

4

where prison's mail regulation related to a legitimate penological interest).

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). An inmate alleging a violation of this right must show that he suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See id.* at 351; *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

5

being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. See Local Rule 110.

### IV. Conclusion

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: June 30, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6