UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE LEE WILLIAMSON,<br><br>Plaintiff,<br><br>v.<br><br>CSP SOLANO MAILROOM STAFF, et al.,<br><br>Defendants. | No. 2:13-cv-1978-WBS-EFB P<br><br>RECOMMENDATION OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A FOR FAILURE TO STATE A CLAIM |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint.[1]

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

---

[1] Plaintiff has actually filed what appear to be three copies of the same amended complaint. *See* ECF Nos. 14, 15, 17. The court will screen the most recently filed version of the complaint, ECF No. 17. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In the amended complaint, plaintiff claims that defendant mailroom employees denied him access to the courts by "intercepting" an opposition brief that he had attempted to mail to this court in a civil rights action he was litigating. *See* ECF No. 17, § IV (referencing *Williamson v. Martinez*, No. 2:11-cv-1079-JAM-EFB P (E.D. Cal.)). He bases this on the allegation that he attempted to mail his brief on June 18, 2012, but subsequently received a court order stating that the brief had not been received. *Id.* In response, plaintiff re-sent his opposition brief to the court, for a total of seven times. *Id.* On August 10, 2012, the court notified plaintiff that it had received his brief. *Id.* Plaintiff claims that if the court had not granted him extensions of time, his filing "would not have made it the courts." *Id.* He claims he has suffered "much distress and mental anguish" as a result. *Id.*

In dismissing the original complaint with leave to amend (ECF No. 9), the court informed plaintiff that an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. An isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003); *see also Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights); *Witherow v. Paff*, 52 F.3d 264, 266 (9th Cir. 1995) (per curiam) (First Amendment not violated where prison's mail regulation related to a legitimate penological interest). Moreover, an inmate alleging a violation of his right to access the courts must show that he suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). That is, he must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See id.* at 351; *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

/////

Plaintiff's amended complaint fails to cure the defects in his claim. Plaintiff fails to plead any facts showing that the defendants personally caused the alleged deprivation of his constitutional rights based on the isolated instance of a piece of mail not being delivered. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains." (citation, internal quotation marks, and brackets omitted)). Moreover, the complaint shows that defendants' conduct did not actually injure plaintiff's litigation efforts, as it alleges that the court actually received the opposition brief plaintiff was trying to file. In addition, the docket in that case reflects that the court received a copy of plaintiff's opposition on five separate occasions.[2] *See Williamson v. Martinez*, No. 2:11-cv-1079-JAM-EFB P (E.D. Cal.), ECF Nos. 31, 33, 34, 36, 40. On these facts, plaintiff cannot state a cognizable claim for denial of access to the courts.

Therefore, this action must be dismissed without leave to amend for failure to state a claim upon which relief could be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY RECOMMENDED that the amended complaint (ECF No. 17) be dismissed for failure to state a claim upon which relief may be granted and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[2] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 29, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE