UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE LEE WILLIAMSON, | No. 2:13-cv-1978-WBS-EFB P |
| Plaintiff, | |
| v. | ORDER |
| CSP SOLANO MAILROOM STAFF, et al., | |
| Defendants. | |

Plaintiff, a prisoner without counsel, has filed a complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983. On April 30, 2015, the court recommended that this action be dismissed because plaintiff's amended complaint failed to state a claim upon which relief could be granted. ECF No. 18. In his August 11, 2015 objections, plaintiff argues that his allegations could support a claim of First Amendment retaliation. The amended complaint did not include a retaliation claim and even liberally construed, the allegations therein are not sufficient to state a proper retaliation claim. In an abundance of caution, the court will vacate the April 30, 2015 findings and recommendations and allow plaintiff leave to file an amended complaint alleging a retaliation claim.

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3)

1

that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009). If plaintiff intends to assert a retaliation claim, he must specifically identify the protected conduct at issue, name the defendant who took adverse action against him, and plead that the allegedly adverse action was taken "because of" plaintiff's protected conduct.

Accordingly, IT IS HEREBY ORDERED that:

1. The April 30, 2015 findings and recommendations (ECF No. 18) are vacated.
2. Within 30 days from the date this order is served, plaintiff may file a second amended complaint alleging a retaliation claim. The second amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint and may not change the nature of this suit by alleging new, unrelated claims.
3. Failure to comply with this order will again result in a recommendation that this action be dismissed for failure to state a claim.

DATED: August 25, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE