```
 1
 2
 3
 4
 5
 6
 7                          UNITED STATES DISTRICT COURT
 8                       FOR THE EASTERN DISTRICT OF CALIFORNIA
 9
10   FREDDIE LEE WILLIAMSON,                 No. 2:13-cv-1978-WBS-EFB P
11                  Plaintiff,
12         v.                                RECOMMENDATION OF DISMISSAL
                                             PURSUANT TO 28 U.S.C. § 1915A FOR
13   CSP SOLANO MAILROOM STAFF, et           FAILURE TO STATE A CLAIM
     al.,
14
                    Defendants.
15
16
17         Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action
18   brought under 42 U.S.C. § 1983. After two dismissals pursuant to 28 U.S.C. § 1915A, he has
19   filed a second amended complaint which is now before the court for screening.[1]
20         Federal courts must engage in a preliminary screening of cases in which prisoners seek
21   redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
22   § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion
```

---

[1] After plaintiff's first amended complaint failed to state a claim upon which relief could be granted, the court recommended that that this action be dismissed without further leave to amend. ECF No. 18. Plaintiff objected, arguing he could state a cognizable claim of First Amendment retaliation, a claim he had not included in his two prior pleadings. ECF No. 21. In an abundance of caution, the court vacated the findings and recommendations and granted plaintiff leave to file a second amended complaint alleging a retaliation claim. ECF No. 22. The court also informed plaintiff of the standards governing First Amendment claims of retaliation. *Id.*

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In the second amended complaint, plaintiff alleges that after he filed a lawsuit against two correctional officers, defendant Amanda Jordan, a supervisor in the prison's mail room, either "red flagged" plaintiff's legal mail for retaliation or allowed her staff to do so. ECF No. 25 at 4. Plaintiff concedes that he has been unable to determine who was actually responsible for mishandling his legal mail, and as a result, he "is left with transfereing [sic] the intrest [sic] over to the mailroom supervisor . . . ." *Id.* at 6. In addition, plaintiff alleges that "there is no logical reason[n] [for the mishandling of his mail] other than retaliation." *Id.* at 7.

In dismissing the original and first amended complaints (ECF Nos. 9, 18), the court informed plaintiff that an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. The court also informed plaintiff that he may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. ECF No. 9 at 4. The court also informed plaintiff that to state a viable First Amendment retaliation claim, he must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). ECF No. 22.

Plaintiff's second amended complaint fails to state a claim upon which relief could be granted because it sues defendant Jordan solely because of her role as a supervisor. As plaintiff is aware, an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

/////

Even if the second amended complaint had plausibly alleged that defendant Jordan was personally involved in the mishandling of plaintiff's mail, it would still fail to state a cognizable retaliation claim. The allegation that plaintiff's mail was mishandled at some point after he commenced a lawsuit against correctional officers is not enough to make out a retaliation claim. Plaintiff must plead facts showing that the adverse action was actually motivated by his protected conduct, not merely follow it in time.

For these reasons, this action must be dismissed without leave to amend for failure to state a claim upon which relief could be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY RECOMMENDED that the second amended complaint (ECF No. 25) be dismissed for failure to state a claim upon which relief may be granted and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 14, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE